**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
      v. )   I.D. No. 0503015173
)
KEVIN ROY, )
)
    Defendant. )

Submitted: May 23, 2025
Decided:  May 28, 2025

*Upon Defendant Kevin Roy's Motion for Reargument*
**DENIED.**

**<u>ORDER</u>**

Andrew J. Vella, Chief of Appeals, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware, Attorney for the State of Delaware.

Kevin Roy, *pro se*, Smyrna, DE.

**WHARTON, J.**

This 28th day of May, 2025, upon consideration of Defendant Kevin Roy's ("Roy") Motion for Reargument[1] and the record in this matter, it appears to the Court that:

1.	On May 12, 2025 Roy moved for correction of an illegally imposed sentence. In his motion, he claimed his manslaughter sentence of 25 years at level V, suspended after 20 years and his minimum mandatory sentence of 10 years on the Possession of a Firearm During the Commission of a Felony ("PFDCF") charge were illegally enhanced in violation of *Erlinger v. United States*[2] and its predecessors.[3] He contended that "fitting squarely within *Erlinger,*" he should be resentenced to five years on each charge.[4] Although Roy did not cite to SENTAC guidelines, his requested sentence is the SENTAC maximum guideline for each charge. Roy then calculated "based upon prior history review" he should be subjected to "1 prior violent = 10 years on manslaughter" and "where PFDCF is a secondary offense not subjected to enhancement = 2 years," resulting in a sentence of 12 years.

2.	In denying the motion, the Court looked to the Sentence Order to determine Roy was not entitled to relief.[5] It explained:

> *Erlinger* provides that ""[a] fact that increases" a
> defendant's exposure to punishment, whether by

---

[1] D.I. 125.
[2] 602 U.S. 821 (2024).
[3] D.I. 122.
[4] *Id.* at 10.
[5] *State v. Roy,* 2025 WL 1411659 at *2 (Del. Super. Ct. May 14, 2025).

triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a reasonable doubt.'" In Roy's case, the Sentencing Court made no factual determinations that exposed him to a higher maximum or minimum sentence. It simply sentenced him within the statutory range, albeit outside of the sentencing guidelines. But, Delaware Supreme Court case law firmly supports the proposition that "the sentencing standards are considered voluntary and nonbinding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards." Roy was sentenced within the statutorily authorized range. Thus, *Erlinger* and similar cases are not implicated.[6]

3.    In his motion, Roy argues that the Court's denial of his Motion to Correct an Illegal Sentence was premature.[7]  He appears to be referring to the fact that currently certain bellwether cases related to Rule 35(a) motions pursuant to *Erlinger* are being briefed before a judge of this Court.  He requests an "immediate rehearing before a Superior Court panel" to resolver how the Court will apply *Erlinger* to: (1) plea cases; (2) cases where the jury was not notified that an enhanced sentence was being sought beyond the statutory minimums and maximums; and (3) cases where the Court imposed a sentence within the statutory prescriptions, but outside of SENTAC guidelines.[8]

4.    Pursuant to Superior Court Civil Rule 59(e), made applicable by Criminal Rule 57, a motion for reargument will be granted only if the Court has

---

[6] *Id.* (internal citations omitted).
[7] D.I. 125
[8] *Id.*

"overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[9] A motion for reargument is not an opportunity for a party to either rehash arguments already decided by the Court or to present new arguments the moving party could have raised previously.[10] Therefore, to succeed on such a motion, the moving party "has the burden of demonstrating newly discovered evidence, a change in the law or manifest injustice."[11]

5.      As the Court understands Roy's motion, he is asking for a delay in resolving his Motion to Correct an Illegal Sentence until such time as either the Bellwether cases are resolved or some panel of this Court weighs in on certain *Erlinger* related issues. While staying some cases has its benefits, the Court finds it unnecessary here where Roy clearly is not entitled to relief. No fair reading of *Erlinger* requires the Court to submit every factor that it would otherwise weigh in fashioning a sentence in excess of the statutory minimum to a jury, thereby removing all judicial discretion from sentencing.

---

[9] *Janeve Co., Inc. v. City of Wilmington*, 2009 WL 2386152, at *1 (Del. Super. Ct. July 24, 2009) (quoting *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. Ct. July 31, 2008)).
[10] *Reid*, 2008 WL 2943373, at *1 (citations omitted).
[11] *Id.* (quoting *State v. Brooks,* 2008 WL 435085 at *2 (Del. Super. Ct. Feb. 12, 2008).

**THEREFORE**, Defendant Kevin Roy's Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.